UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MANUEL RAMIREZ,

    Plaintiff,

v.

STATE OF WASHINGTON and DOE,

    Defendants.

NO: 4:14-CV-05123-RMP

ORDER DENYING MOTIONS

BEFORE THE COURT are Plaintiff's Motion to Arrest Judgment, **ECF No. 19**, and his Motion to Vacate Judgment, **ECF No. 20**, noted for hearing on August 17, 2015. Plaintiff, a prisoner at the Clallam Bay Corrections Center, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served. The Motions were considered without oral argument on the date signed below.

By Order filed June 29, 2015, the Court dismissed Mr. Ramirez's Amended Complaint for failure to state a claim upon which relief may be granted, but without prejudice to challenging the fact or duration of his confinement in appropriate state court and habeas proceedings, ECF No. 17. Plaintiff appears to

ORDER DENYING MOTIONS -- 1

assert that the dismissal of his complaint constitutes "treason," because he claims that "terrorist [sic] were involved in the case." These assertions are without merit.

In addition, the concept of "arrest of judgment" is applicable in the criminal context. *See* Fed.Rule Crim.Proc. 34. This was a civil rights action pursuant to 42 U.S.C. § 1983. Therefore, **ITS IS ORDERED** Plaintiff's Motion to Arrest Judgment, ECF No. 19 is **DENIED as moot.**

To the extent Plaintiff's Motion to Vacate Judgment can be construed as a Motion to Alter or Amend a Judgment under Fed. R. Civ. P. 59(e), he has failed to present any facts warranting alteration or amendment. Plaintiff asserts that he is in prison, his life is in danger, and he has important issues he needs to address to the court. Nevertheless, although granted the opportunity to do so, Plaintiff did not present any facts in his Amended Complaint which would "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A motion under Federal Rule of Civil Procedure 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (*quoting Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Fed. R. Civ. P. 60(b). Here, Plaintiff has not presented the type of newly discovered evidence or other "extraordinary circumstance" that

ORDER DENYING MOTIONS -- 2

would warrant disturbing the judgment.  *See Maraziti v. Thorpe*, 52 F.3d 252, 254-55 (9th Cir. 1995).  Therefore, **IT IS ORDERED** that Plaintiff's Motion to Vacate Judgment, **ECF No. 20**, is **DENIED.**

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and forward a copy to Plaintiff.  The Court certifies that an appeal of this decision would not be taken in good faith.  The file shall remain closed.

**DATED** this 20th day of August 2015.

                                             *s/ Rosanna Malouf Peterson*
                                       ROSANNA MALOUF PETERSON
                                  Chief United States District Court Judge

ORDER DENYING MOTIONS -- 3